Filed: 7/22/2022 10:56 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 66576990
By: Monique McNeal
7/22/2022 11:26 AM

**EXHIBIT GC030**

## CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| SALT & PEPPER RESTAURANTS, INC., § | | IN THE DISTRICT COURT |
| Plaintiff § | | |
| § | | |
| v. § | | GALVESTON COUNTY, TEXAS |
| § | | |
| TIGHT ENDS SPORTS BAR & GRILL, LLC § | | |
| and TIMOTHY DUNGAN, § | | |
| Defendants § | | 56th JUDICIAL DISTRICT |

### MOTION FOR LEAVE TO SET SUBMISSION DATE AND REDUCE RESPONSE DEADLINE

Defendants Timothy Dungan and Tight Ends Sports Bar & Grill, LLC file this motion pursuant to Rule 3.17 of the Amended Local Rules of the District Courts for Galveston County, asking the Court to set a submission date of July 28, 2022, on the defendants' motion to vacate the writ of garnishment issued by this Court on May 19, 2022.

Defendants also seek leave from the Court to set July 28, 2022 as the plaintiff's deadline to respond to the motion to vacate the writ of garnishment.

### FACTS

1. On May 19, 2022, Plaintiff was granted a writ of garnishment against Defendants' bank accounts with BankSouth. A writ of garnishment was issued June 2, 2022.

2. The Court's order directing the issuance of the writ was based upon the unsworn declaration of Plaintiff's representative Mohamed Amin Lakhani. The declaration alleges that Tight Ends Sports Bar & Grill, LLC was delinquent on rent obligations and in Paragraph 8 makes various additional statements about Tight Ends.

3. Defendants were just made aware of the garnishment by the garnishee, but the consequences have already been severe. Because of the cash flow situation created by the garnishment hold on Tight Ends' bank account, Mr. Dungan was forced to mortgage his home to raise the funds to make payroll and continue to pay his suppliers.

4. The account which the plaintiff garnished held trust funds, including sales and use taxes collected for the State of Texas which are now due but cannot be remitted because of the garnishment.

5. As stated in Defendants' motion to vacate the writ, the plaintiff has failed to comply with the requirements of Tex. Civ. Prac. & Rem. Code Ann. § 63.001(2)(B) with respect to both defendants and Tex. Civ. Prac. & Rem. Code Ann. § 63.001(2)(A) with respect to Mr. Dungan as detailed in Texas Rule of Civil Procedure 658. The Defendants' motion to vacate the writ must prevail because the plaintiff failed to even allege a factual basis necessary to meet the requirements.

6. Rule 664a of the Texas Rules of Civil Procedure provides that a motion to dissolve a writ must be determined within 10 days after the motion is filed, unless extended for good cause shown, and can be heard on reasonable notice to the plaintiff – a period which can be shorter than the three days generally allowed by the Rules.

7. Rule 3.17 of the Amended Local Rules of the District Courts for Galveston County allows motions to be heard on submission less than 10 days after filing on leave of the Court and allows the response time for a party to be reduced to less than 2 days upon leave of the Court.

8. Because the plaintiff did not provide any factual basis in support of the statutory grounds of Rule 658, it will be impossible for the plaintiff to prove them as required by Rule 664a, and the Court may make its determination upon the basis of the unchallenged sworn statements of Mr. Dungan in his declaration.

## PRAYER

Defendants ask the Court to set a submission date of July 28, 2022, on their motion to vacate the writ of garnishment issued by this Court on May 19, 2022 and ask the Court to set

July 28, 2022 as the plaintiff's deadline to respond to the motion to vacate the writ of garnishment so that the Court may rule on the motion within the required 10-day period, and for such other and further relief to which they may be justly entitled.

        Respectfully submitted,

        **John Henry & Associates, PLLC**

        <u>/s/ John P. Henry</u>
        John P. Henry
        State Bar No. 24055655
        407 West Liberty Street
        Round Rock, Texas 78664
        (512) 981-7301
        jhenry@jhenrylaw.com
        **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Civil Procedure on the parties listed below on this 22nd day of July, 2022.

/s/ John P. Henry
John P. Henry

Preston Kamin
Gray Reed
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
**ATTORNEYS FOR PLAINTIFF**
**VIA EMAIL pkamin@grayreed.com**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 66576990
Status as of 7/22/2022 11:26 AM CST
Associated Case Party: Salt & Pepper Restaurants, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Preston TKamin | | pkamin@grayreed.com | 7/22/2022 10:56:13 AM | SENT |
| Tyler J.McGuire | | tmcguire@grayreed.com | 7/22/2022 10:56:13 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 66576990
Status as of 7/22/2022 11:26 AM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jackie Kish | | jkish@grayreed.com | 7/22/2022 10:56:13 AM | SENT |