**EXHIBIT GC031**

CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| SALT & PEPPER RESTAURANTS, INC., § | | IN THE DISTRICT COURT |
| Plaintiff § | | |
| § | | |
| v. § | | GALVESTON COUNTY, TEXAS |
| § | | |
| TIGHT ENDS SPORTS BAR & GRILL, LLC § | | |
| and TIMOTHY DUNGAN, § | | |
| Defendants § | | 56th JUDICIAL DISTRICT |

### DEFENDANTS' RULE 664a MOTION TO DISSOLVE WRIT OF GARNISHMENT AND ORDER DIRECTING ITS ISSUE

Defendants Timothy Dungan and Tight Ends Sports Bar & Grill, LLC file this motion pursuant to Texas Rule of Civil Procedure 664a asking the Court to dissolve the writ of garnishment issued to Plaintiff in this case on June 2, 2022, and the Court's order on May 19, 2022 directing its issue.

### FACTS

1. On May 19, 2022, Plaintiff was granted a writ of garnishment against Defendants' bank accounts with BankSouth. A writ of garnishment was issued June 2, 2022.

2. The Court's order directing the issuance of the writ was based upon the unsworn declaration of Plaintiff's representative Mohamed Amin Lakhani. The declaration alleges that Tight Ends Sports Bar & Grill, LLC was delinquent on rent obligations and in Paragraph 8 makes various additional statements about Tight Ends.

3. Paragraph 8 states: "Tenant allowed the Guarantor to forfeit its right to do business in the State of Texas. Specifically, on or about January 26, 2018, the Guarantor's right to transact business in the state of Texas was revoked. Additionally, Tenant is affiliated with another entity in Plano and allowed its charter to be revoked. Based on research performed, I do not think Tenant or Dungan possess any assets in Texas sufficient to satisfy a judgment against them for rent and other obligations owed.

**Defendants' Rule 664a Motion to Dissolve Writ of Garnishment and Order Issuing It**     Page 1

## MOTION TO DISSOLVE WRIT OF GARNISHMENT AND ORDER ISSUING IT

4. Defendants ask that this Court dissolve the writ of garnishment and order issuing it, because the plaintiff's application and declaration fail to meet the requirements of Tex. Civ. Prac. & Rem. Code Ann. § 63.001(2)(B) with respect to both defendants and Tex. Civ. Prac. & Rem. Code Ann. § 63.001(2)(A) with respect to Mr. Dungan.

5. § 63.001(2)(B) requires the plaintiff to declare that "within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt."

6. § 63.001(2)(A) requires the plaintiff to declare that it sues for a debt, and that "the debt is just, due and unpaid."

7. Rule 658 of the Texas Rules of Civil Procedure provides the application process for a writ of garnishment. It requires that the application be supported by an affidavit and "the specific facts relied upon by the plaintiff to warrant the required findings by the court."

8. It also requires that the plaintiff shall "set forth such facts as would be admissible in evidence, provided that the facts may be stated based upon information and belief if the grounds of such belief are specifically stated."

9. With respect to both defendants, Plaintiff's declaration fails to provide the information required by § 63.001(2)(B) in the manner required by Rule 658. There are no specific facts given by the plaintiff about the financial condition of either Tight Ends or Mr. Dungan or whether they had sufficient funds to pay the alleged debt. There is no explanation of why a guarantor's corporate status in 2018 is relevant to the financial condition of Tight Ends or Mr. Dungan in 2022. Likewise, there is no explanation of why the corporate status of an unnamed "affiliate" of Tight Ends is relevant or how that statement would be admissible. Finally, the declaration's statement "based on research performed, I do not think Tenant or Dungan

possess any assets in Texas sufficient to satisfy a judgment against them for rent and other obligations owed" is conclusory and provides no specifically stated grounds to substantiate this assertion.

10. Plaintiff fails to meet the burden provided by *Commonwealth of Mass. v. Davis*, 160 S.W.2d 543 (Tex. App 1942) (requiring that a prospective garnishment plaintiff conduct a reasonable investigation into the assets of the garnishee). There is no evidence in the declaration of any efforts made by the plaintiff to ascertain the financial condition of either Tight Ends or Mr. Dungan.

11. Finally, Tight Ends and Mr. Dungan possess assets in Texas subject to execution sufficient to satisfy the debt the plaintiff alleges it is owed, as stated in the Dungan declaration. The declaration is incorporated as Exhibit 1 and adopted in this motion for all purposes.

12. With respect to Mr. Dungan, Plaintiff's declaration also fails to provide the information required by § 63.001(2)(A) in the manner required by Rule 658. The plaintiff's application and declaration fail to even allege that it has sued or has a claim against Mr. Dungan for a debt, or that the debt is "just, due and unpaid," much less provide such facts as would be admissible in evidence to substantiate the existence of such as a debt.

## **PRAYER**

Accordingly, Defendants ask that this Court dissolve the writ of garnishment and order issuing it and for such other relief to which they may be justly entitled.

Respectfully submitted,

**John Henry & Associates, PLLC**

<u>/s/ John P. Henry</u>
John P. Henry
State Bar No. 24055655
407 West Liberty Street
Round Rock, Texas 78664
(512) 981-7301
jhenry@jhenrylaw.com
**ATTORNEYS FOR DEFENDANTS**

CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| **SALT & PEPPER RESTAURANTS, INC.,** § | | **IN THE DISTRICT COURT** |
| Plaintiff § | | |
| § | | |
| v. § | | **GALVESTON COUNTY, TEXAS** |
| § | | |
| **TIGHT ENDS SPORTS BAR & GRILL, LLC** § | | |
| and **TIMOTHY DUNGAN,** § | | |
| Defendants § | | **56th JUDICIAL DISTRICT** |

## EXHIBIT 1 - DECLARATION OF TIMOTHY DUNGAN

Pursuant to Section 132.001 of the Texas Civil Practice and Remedies Code, I, Timothy Dungan, declare as follows:

1. My name is Timothy Dungan and I am over 18 years old, and I am fully competent to make this declaration. Each statement of fact contained herein is within my personal knowledge and is true and correct.

2. I am the managing member of Tight Ends Sports Bar & Grill, LLC.

3. Plaintiff and Tight Ends signed a written lease in 2016. Day Star Restaurant Holdings, LLC signed a guarantee of the lease. Day Star's corporate charter was involuntarily terminated in 2018. Day Star was not an owner of any interest in Tight Ends and never engaged in any transactions with it. The termination had no financial effect on Tight Ends.

4. Tight Ends signed the lease based upon representations by the plaintiff's representatives about roadway access to the premises which is the subject of this lawsuit, including whether there were any approved or proposed changes to the roadways near and adjacent to the premises.

5. Tight Ends denies that it owes any debt to plaintiff, where it was fraudulently or negligently induced into entering the lease at issue in this litigation.

6. I personally deny that I owe any debt to the plaintiff. I do not have any contractual

relationship with the plaintiff.

7. Both Tight Ends and I personally deny that we do not possess property in Texas subject to execution in an amount sufficient to satisfy the alleged debt. Tight Ends has cash, cash equivalents, and accounts receivable in an amount greater than the alleged debt amount. I personally have cash, cash equivalents, stocks, and accounts receivable in an amount greater than the alleged debt amount.

9. I lack sufficient information at this time to admit or deny whether the plaintiff sought the writ of garnishment to injure Defendants.

My name is Timothy Dungan. My date of birth is May 8, 1968, and my address is 1603 Wildfire Lane, Frisco, TX 75033. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, Texas, on the 22nd day of July, 2022.

_____
Timothy Dungan

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Civil Procedure on the parties listed below on this 22nd day of July, 2022.

/s/ John P. Henry
John P. Henry

Preston Kamin
Gray Reed
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
**ATTORNEYS FOR PLAINTIFF**
**VIA EMAIL pkamin@grayreed.com**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 66576405
Status as of 7/22/2022 11:28 AM CST
Associated Case Party: Salt & Pepper Restaurants, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Preston T Kamin | | pkamin@grayreed.com | 7/22/2022 10:46:47 AM | SENT |
| Tyler J. McGuire | | tmcguire@grayreed.com | 7/22/2022 10:46:47 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 66576405
Status as of 7/22/2022 11:28 AM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jackie Kish | | jkish@grayreed.com | 7/22/2022 10:46:47 AM | SENT |