Filed: 7/22/2022 10:33 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 66575124
By: Ann Vaughn
7/22/2022 11:48 AM

**EXHIBIT GC033**

## CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| **SALT & PEPPER RESTAURANTS, INC.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **TIGHT ENDS SPORTS BAR & GRILL, LLC** | § | |
| **and TIMOTHY DUNGAN,** | § | |
| **Defendants** | § | **56ᵗʰ JUDICIAL DISTRICT** |

### TIGHT ENDS SPORTS BAR & GRILL, LLC'S ORIGINAL ANSWER & COUNTERCLAIM

Defendant Tight Ends Sports Bar & Grill LLC files this Original Answer and respectfully states as follows:

### GENERAL DENIAL

1.      Tight Ends generally denies the allegations in Plaintiff's Original Petition and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

2.      Tight Ends further alleges that Salt & Pepper's claims are barred because it discharged Tight Ends' obligations under the parties' contract when Salt & Pepper repudiated a dependent promise and/or material misrepresented a material fact as described in Tight Ends' counterclaim.

3.      Tight Ends further alleges that Salt & Pepper's claims are barred by estoppel.

4.      Tight Ends further alleges that Salt & Pepper's own acts or omissions caused or contributed to its damages.

5.      Tight Ends further pleads the affirmative defense of offset.

### COUNTERCLAIM

6.      Tight Ends Sports Bar & Grill, LLC is a domestic limited liability company organized under the laws of the State of Texas.

7.      Salt & Pepper Restaurants, Inc. is a domestic for-profit corporation organized under the

laws of the State of Texas. Salt & Pepper is represented by counsel and has appeared in this case.

## CLAIM FOR RELIEF

8.      Tight Ends seeks monetary relief over $200,000 but less than $1,000,000.

## FACTS

9.      Salt & Pepper approached representatives of Tight Ends about leasing retail space at

2502 Gulf Freeway South, League City, Texas 77573 to operate a restaurant and bar.

10.     Tight Ends operates another restaurant and bar in an almost-identically constructed retail

space in Plano, Texas, and was interested in Salt & Pepper's space in League City, Texas.

11.     Tight Ends' business model is labor-intensive and is predicated upon having robust

daytime and early-evening crowds, both of which require that its patrons be able to easily access

its locations. Both lunchtime and early-evening customers are usually unwilling to patronize an

establishment if it is difficult to easily access the restaurant.

12.     As a result, Tight Ends selected its Plano location based upon the ease of access onto and

off State Highway 121. Similarly, Tight Ends was interested in the League City location because

of its easy access from Gulf Freeway South. This was a material consideration in its decision to

enter into the lease agreement with Salt & Pepper.

13.     Tight Ends and Salt & Pepper reached an agreement on the lease, pursuant to which Tight

Ends invested over $175,000 up front and agreed to pay monthly base rent of $32,000 per month,

an amount greatly in excess of the market rent for similarly situated restaurant spaces in the area.

14.     Tight Ends spent substantial additional amounts to prepare the space for its use, and when

it subsequently opened, sales were consistent with expectations.

15.     Unknown to Tight Ends, however, the Texas Department of Transportation had for some

time been preparing to close the exit ramp which allowed easy access to the leasehold premises.

Within months of the signing of the lease, the access ramp to the premises was closed and sales

immediately dropped considerably.

16.     Salt & Pepper knew that the road construction was to occur, but intentionally misled Tight Ends by failing to disclose this material information and by instead repeatedly pointing out the similarity of access between Tight Ends' other location and the proposed premises.

## CAUSES OF ACTION

### Violation of the Deceptive Trade Practices Act

17.     Tight Ends has a claim which has matured against Salt & Pepper which is brought under Section 17.01, et seq., of the Texas Business and Commerce Code, also known as the Deceptive Trade Practices Act (the "DTPA"). Tight Ends is a consumer as that term is defined in the DTPA and Salt & Pepper is subject to liability thereunder. Salt & Pepper, as described herein, committed deceptive and unconscionable conduct as set forth above, including but not limited to perpetuating false, misleading, and/or deceptive acts that were relied upon by Tight Ends to its detriment as set forth above, breaching express and implied warranties and knowingly making false or misleading statements and omitting information about the premises and access to it with the intention that Tight Ends rely upon this information to its detriment.

### Fraudulent Inducement

18.     Salt & Pepper represented to Tight Ends that it was not aware of any impending changes to the roadway access to the lease premises and that the traffic patterns of the Plano location and the proposed League City locations were and would be similar.

19.     It made these representations with knowledge that they were false, given its awareness of the Texas Department of Transportation's plans to close the access ramp, thereby diverting traffic a substantial distance from the premises and making it very difficult to access it.

20.     Alternatively, Salt & Pepper made this representation without knowledge whether it was true and recklessly.

21.     Salt & Pepper made this representation with the intention that Tight Ends rely upon it and agree to the lease agreement at its substantially above-market rental rate.

22.     Tight Ends relied upon the representation and signed the lease, and thus its justifiable reliance has caused it injury in an amount within the jurisdictional limits of this court.

<u>Negligent Misrepresentation</u>

23.     Salt & Pepper represented to Tight Ends that it was not aware of any impending changes to the roadway access to the lease premises.

24.     Salt & Pepper failed to exercise reasonable care in gathering and disseminating information concerning the Texas Department of Transportation's near-term plans to close the access ramp, thereby diverting traffic a substantial distance from the premises and making it very difficult to access it.

25.     Salt & Pepper made this representation with the intention that Tight Ends rely upon it and agree to the lease agreement at its substantially above-market rental rate.

26.     Tight Ends relied upon the representation and signed the lease, and thus its justifiable reliance has caused it injury in an amount within the jurisdictional limits of this court.

## **REQUESTS FOR DISCLOSURE**

27.     Please provide the information and documents required by Texas Rule of Civil Procedure 194.

## **PRAYER**

28.     Tight Ends prays that the Court issue a judgment that Plaintiff take nothing on its causes of action, award it a judgment on all its causes of action, award treble damages pursuant to the Texas DTPA, and for such other and further relief, general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

**John Henry & Associates, PLLC**

/s/ John P. Henry
John P. Henry
State Bar No. 24055655
407 West Liberty Street
Round Rock, Texas 78664
(512) 981-7301
jhenry@jhenrylaw.com
**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Civil Procedure on the parties listed below on this 22nd day of July, 2022.


/s/ John P. Henry
John P. Henry


Preston Kamin
Gray Reed
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
**ATTORNEYS FOR PLAINTIFF**
**VIA EMAIL pkamin@grayreed.com**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 66575124
Status as of 7/22/2022 11:48 AM CST

Associated Case Party: Salt & Pepper Restaurants, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Preston TKamin | | pkamin@grayreed.com | 7/22/2022 10:33:35 AM | SENT |
| Tyler J.McGuire | | tmcguire@grayreed.com | 7/22/2022 10:33:35 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 66575124
Status as of 7/22/2022 11:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jackie Kish | | jkish@grayreed.com | 7/22/2022 10:33:35 AM | SENT |