Filed: 7/26/2022 4:07 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 66691067
By: Rolande Kain
7/26/2022 4:19 PM

**EXHIBIT GC040**

CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| **SALT & PEPPER RESTAURANTS, INC.** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| **TIGHT ENDS SPORTS BAR & GRILL, LLC** | § | |
| and **TIMOTHY DUNGAN** | § | |
| | § | |
| *Defendants.* | § | 58TH JUDICIAL DISTRICT |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO SET SUBMISSION DATE AND REDUCE RESPONSE DEADLINE

Plaintiff Salt & Pepper Restaurants, Inc. ("***Plaintiff***") files this Response to Defendants Tight Ends Sports Bar & Grill, LLC ("***Tight Ends***") and Timothy Dungan's ("***Dungan***") (collectively, "***Defendants***") Motion for Leave to set Submission Date and Reduce Response Deadline and, in support thereof, respectfully shows as follows:

#### FACTUAL BACKGROUND

This case involves a lease dispute between Plaintiff, as Landlord, and Tight Ends, as Tenant. On May 20, 2016, Plaintiff and Tight Ends entered into a 15-year lease agreement (the "***Lease***") for the commercial space commonly known as 2502 Gulf Freeway, League City, Galveston County, Texas 77573. In April 2020, as set forth in Plaintiff's Original Petition and its Emergency Application for Prejudgment Writ of Garnishment, Tight Ends failed to pay the monthly rent owed under the lease as well as applicable taxes and insurance costs. Tight End's defaults continued throughout 2020, 2021, and 2022.

The balance of $352,931.44 owed to Plaintiff under the Lease remains unpaid, and Tight Ends has abandoned the leased premises. Fearing that Defendants may liquidate their bank accounts, Plaintiff filed an Emergency Application for Prejudgment Writ of Garnishment to ensure

4893-3973-7131.1

its ability to collect its unliquidated damages remained intact. The Court granted the amended the writ of garnishment on May 19, 2022.

Despite being keenly aware of the ongoing lawsuit (evidently Defendants' counsel was monitoring this case even though Defendants did not attend the status conference or file a timely answer for Tight Ends *See* Ex. A), Defendants now claim they "were just made aware of the garnishment by the garnishee" and seek to dissolve the garnishment on an expedited basis. For the reasons set forth below, their motion to do so should be denied.

### ARGUMENT, AND AUTHORITIES

Defendants rely on Rule 3.17 of the Amended Local Rules of the District Courts for Galveston County to support their motion for an expedited hearing, which states in relevant part:

> Acceptance of motions by submission is at the discretion of each district court. Motions shall be accompanied by a blank notice of submission. The Court will complete the notice and fax it back to the requesting party stating a date of submission not sooner than 10 days from the setting date, ***except on leave of the Court***.

(emphasis added). Based on the plain language of the rule, leave of court must be acquired *before* obtaining an expedited setting. Here, Defendants have set their Motion to Dissolve Writ of Garnishment to be heard by submission on July 28, 2022—just 6 days after the motion was filed. After filing its motion, Defendants filed an Amended Motion with new arguments and evidence on July 25 and still contend it is set for hearing on July 28, 2022. The Court, however, has not granted Defendants' leave to obtain an expedited setting. For this reason alone, Defendants' motion should be denied, and Defendants' Amended Motion to Dissolve Writ of Garnishment should be re-set for ten (10) days after it was filed—i.e. August 4, 2022.

Additionally, Defendants have not shown good cause for obtaining leave of court, largely because there is none and no evidence was attached to prove any good cause. Defendants claim

they "were just made aware of the garnishment by the garnishee" to justify the necessity of having their motion to dissolve heard on an expedited basis. This statement is verifiably false. As explained in the affidavit of Preston T. Kamin, attached hereto as **Exhibit A**, Defendants' counsel referenced the "garnishment order" entered in this case in a May 24, 2022, e-mail to Plaintiff's counsel (i.e. four days after the amended writ was signed). Indeed, Defendants' sudden desire to dissolve the garnishment because of its "severe" consequences cannot constitute good cause given that they have known about the garnishment for months. Defendants' inaction cannot be a justification for hearing their motion to dissolve on an expedited basis, especially considering the prejudicial impact doing so would have on Plaintiff.

**PRAYER**

Plaintiff Salt & Pepper Restaurants, Inc. respectfully requests that the Court deny Defendants' Motion for Leave to Set Submission Date and Reduce Response Deadline and re-set Defendants' Amended Motion to Dissolve Writ of Garnishment for hearing on August 4, 2022, along with any such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GRAY REED

By: */s/ Preston T. Kamin*
 Preston T. Kamin
 Texas Bar No. 24062817
 pkamin@grayreed.com
 Tyler J. McGuire
 Texas Bar No. 24098080
 tmcguire@grayreed.com
 1300 Post Oak Blvd., Suite 2000
 Houston, Texas 77056
 (713) 986-7000
 (713) 986-7100 (Fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was duly furnished to the following counsel of record (1) electronically through the electronic filing manager efiletexas.gov and/or (2) via E-mail on this the 26th day of July, 2022:

John P. Henry
jhenry@jhenrylaw.com
407 West Liberty Street
Round Rock, Texas 78664
(512) 981-7301
***Attorney for Defendants***

                                                */s/ Preston T. Kamin*
                                                Preston T. Kamin

# EXHIBIT A

CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| **SALT & PEPPER RESTAURANTS, INC.** | § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | |
| VS. | § § | **GALVESTON COUNTY, TEXAS** |
| **TIGHT ENDS SPORTS BAR & GRILL, LLC** and **TIMOTHY DUNGAN** | § § § | |
| *Defendants.* | § § | **58TH JUDICIAL DISTRICT** |

## DECLARATION OF PRESTON T. KAMIN

1. "My name is Preston T. Kamin. I serve as counsel for Plaintiff Salt & Pepper Restaurants, Inc. ("***Plaintiff***"). I have personal knowledge of the facts stated in this declaration, and they are true and correct.

2. On July 22, 2022, I received copies of Defendants' Motion for Leave to Set Submission Date and Reduce Response Deadline and Motion to vacate the writ of garnishment. On July 25, 2022, I received a copy of Defendants' Amended Motion to vacate the writ of garnishment, which included new evidence not previously included in the first motion.

3. Defendants have requested that Plaintiff's response be due on or before the Court's submission date of July 28, 2022.

4. My client is currently traveling overseas and is not available to assist me with the response at this time. His assistance is needed to prepare an adequate response. If the amended motion was set on the Court's normal submission docket, I would have adequate time to prepare a response.

5. More importantly, without providing sworn evidence, Defendants claim that they "were just made aware of the garnishment by the garnishee…" as a basis for their motion for leave. P. 1 of the Motion.

1

6. However, on May 24, 2022, four days after the amended writ of garnishment was signed, I received the attached true and correct copy of an email from Defendants' counsel referencing the lawsuit and specifically mentioning the "garnishment order." Thus, contrary to Defendants' representations to the Court, they have known about this garnishment order dating back to at least May 24, 2022, and chose to do nothing about it. As such, Plaintiff does not believe there is good cause to shorten the submission deadline, and it would be prejudiced if forced to respond on such short notice.

7. My name is Preston T. Kamin my date of birth is August 19, 1981, and my business address is 1300 Post Oak Blvd., Suite 2000, Houston, Texas 77056. I declare under penalty of perjury that the foregoing is true and correct."

Executed in Harris County, State of Texas, on the 26h day of July, 2022.

*/s/ Preston T. Kamin*
PRESTON T. KAMIN

**From:** Preston T. Kamin <pkamin@grayreed.com>
**Sent:** Tuesday, May 24, 2022 3:43 PM
**To:** John Henry <jhenry@jhenrylaw.com>
**Cc:** Tyler J. McGuire <tmcguire@grayreed.com>
**Subject:** RE: Salt & Pepper - Tight Ends

John,

Good to hear from you again. We are in receipt of your email, case summary, and threat for sanctions. In sum, we understand the general rule of law referenced in your case summary and believe our client is entitled to asset a claim against Mr. Dungan.  The case law under Section 171.255 further makes clear an individual cannot abuse corporate privileges to shield himself from individual liability.

Section 171.255 applies to "debt of the corporation that is created or incurred in Texas **after** the date on which the report, tax, or penalty is due and before the corporate privileges are revived." Based on our research, Day Star Restaurant Holdings, LLC was formed in Delaware in 2013, then subsequently failed to pay any taxes or file reports in both Texas and Delaware prior, and through the date the Lease was signed. If you have any documents showing differently, please let me know.

**From:** John Henry <jhenry@jhenrylaw.com>
**Sent:** Saturday, May 21, 2022 8:52 PM
**To:** Preston T. Kamin <pkamin@grayreed.com>
**Subject:** [EXTERNAL] RE: Salt & Pepper - Tight Ends

1

Preston,

A service that I use notified me that your client filed suit against Tight Ends and Tim in Galveston County a short time ago. Although I do not believe that they have been served yet, I am beginning to prepare to file answers on their behalf.

While preparing for Tim's answer, I reviewed caselaw on the liability of an officer as a result of the forfeiture of an entity's charter under 171.255. Those cases hold that a debt is "created or incurred" for purposes of 171.255 when the agreement is signed, not later when the default occurs. There are several cases directly on point, including two from the Houston Court of Appeals which I have attached. I am aware of no cases that hold otherwise. I've attached a summary of cases on this issue. Given that there was no default at the time that Daystar signed the guarantee, there cannot be individual liability on Tim's part.

I wanted to confer with you prior to filing Tim's answer, a motion for summary judgment, and a motion under either Rule 10 or Rule 13 for sanctions, given that I cannot see how there is any argument that there is law supporting Salt and Pepper's position vis-à-vis Tim individually. I know there are certainly issues with respect to Tight Ends itself, but I don't think there is a legitimate basis for assertion of individual liability here. If you will non-suit Tim, then I will not need to proceed. You will also need to have the garnishment order amended to remove Tim.

Please let me know once you've had a chance to review this issue. I am available to discuss if you think there is any legal basis for Salt and Pepper's position. If we don't talk prior to the end of next week, then I will proceed having conferred.

John

John P. Henry
John Henry & Associates, PLLC
407 West Liberty St.
Round Rock, Texas 78664
jhenry@jhenrylaw.com
(972) 338-3619

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

LaTrinda Miles on behalf of Preston Kamin
Bar No. 24062817
lfield-miles@grayreed.com
Envelope ID: 66691067
Status as of 7/26/2022 4:19 PM CST

Associated Case Party: Salt & Pepper Restaurants, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Preston TKamin | | pkamin@grayreed.com | 7/26/2022 4:07:13 PM | SENT |
| Tyler J.McGuire | | tmcguire@grayreed.com | 7/26/2022 4:07:13 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

LaTrinda Miles on behalf of Preston Kamin
Bar No. 24062817
lfield-miles@grayreed.com
Envelope ID: 66691067
Status as of 7/26/2022 4:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jackie Kish | | jkish@grayreed.com | 7/26/2022 4:07:13 PM | SENT |