Filed: 7/28/2022 3:36 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 66774616
By: Shailja Dixit
7/28/2022 3:44 PM

**EXHIBIT GC043**

CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| **SALT & PEPPER RESTAURANTS, INC.,** § | | IN THE DISTRICT COURT |
| Plaintiff § | | |
| § | | |
| v. § | | GALVESTON COUNTY, TEXAS |
| § | | |
| **TIGHT ENDS SPORTS BAR & GRILL, LLC** § | | |
| **and TIMOTHY DUNGAN,** § | | |
| Defendants § | | 56th JUDICIAL DISTRICT |

### DEFENDANTS' BRIEF IN SUPPORT OF AMENDED RULE 664a MOTION TO DISSOLVE WRIT OF GARNISHMENT AND ORDER DIRECTING ITS ISSUE

  Defendants Timothy Dungan and Tight Ends Sports Bar & Grill, LLC file this brief in support of their amended motion pursuant to Texas Rule of Civil Procedure 664a asking the Court to dissolve the writ of garnishment issued to Plaintiff in this case on June 2, 2022, and the Court's order on May 19, 2022 directing its issue.

  This brief summarizes the relevant facts and law from the date Plaintiff applied for garnishment to the date of submission on Defendants' motion to dissolve the writ of garnishment. It then provides the standard of review for the Court and an analysis of the facts and law.

### FACTS

  1.  On May 19, 2022, Plaintiff applied for and was granted a writ of <u>pre-judgment</u> garnishment against Defendants' bank accounts with BankSouth. A writ of garnishment was issued June 2, 2022 based upon the plaintiff's assertion that both Defendants owed it a debt, the debt was just, due and owing, and the Defendants did not have sufficient assets subject to

  2.  The Court's order directing the issuance of the writ was based upon the declaration of Plaintiff's representative Mohamed Amin Lakhani. The declaration alleges that Tight Ends Sports Bar & Grill, LLC was delinquent on rent obligations and in Paragraph 8

makes various additional statements about Tight Ends.

3. Paragraph 8 states: "Tenant allowed the Guarantor to forfeit its right to do business in the State of Texas. Specifically, on or about January 26, 2018, the Guarantor's right to transact business in the state of Texas was revoked. Additionally, Tenant is affiliated with another entity in Piano and allowed its charter to be revoked. Based on research performed, I do not think Tenant or Dungan possess any assets in Texas sufficient to satisfy a judgment against them for rent and other obligations owed.

4. On July 22, 2022, Defendants filed their motion to dissolve the writ based upon the application's failure to provide the factual basis necessary for a writ to issue with respect to Tex. Civ. Prac. & Remedies Code §63.001(2)(A) or §63.001(2)(B). The motion was supported by the declaration of Tim Dungan, who went further and affirmatively stated that the defendants have sufficient assets to pay the alleged debt.

5. A motion to dissolve a writ of garnishment must be determined within ten days after the motion is filed, unless extended for good cause shown. Tex. R. Civ. P. 664a. The rule also provides that reasonable notice of the hearing to the plaintiff may be less than three days. *Id.*

6. Galveston County Local Rule 3.17(D) provides for an oral hearing on a motion at the discretion of the Court and that the Court may rule upon motions by submission if oral hearing is denied. Galveston County Local Rule 3.17(B) requires that motions to be determined by submission shall state a date for submission at least 10 days from filing, except for leave of Court. Galveston County Local Rule 3.17(C) requires that a party shall file a response at least two working days before the submission date to file a response to a motion, except for leave of Court.

7. Because of the severity of the situation and the failure of the application for

garnishment to make its *prima facie* case, Defendants filed a *Motion for Leave to Shorten Deadlines* to reduce the number of days before submission to six, but asked the Court to allow the plaintiff up until the date and time of submission to file a response.

8.  Without yet hearing either motion, the Court set hearings by submission for both motions and set submission dates for both on July 28, 2022 at 4:00 p.m. This provided six days' notice of the hearings and six days to respond – acceptable notice under Tex R. Civ. P. 21, Tex R. Civ. P. 664a and Galveston County Local Rule 3.17.

9.  On July 25, 2022, Defendants filed and served an amended motion to dissolve the writ along with additional facts in Dungan's declaration to support their positions, including statements of fact about the balances of Dungan and Tight Ends currently in their BankSouth accounts and the contractual disputes between the plaintiff and the defendants. The amended motion was served at least three days in advance of the hearing, and notice that the amended motion would be heard was provided.

10. The plaintiff filed a response to the motion to shorten deadlines seeking to have the motion to dissolve heard on August 4, 2022.

11. On July 28, 2022, Defendants filed their *Exhibit List* along with Exhibit 1 – Business Record Declaration, which is accompanied by a business record which provides admissible evidence that the defendants have cash on deposit at Prosperity Bank in Texas subject to execution sufficient to satisfy the debt.

## THE WRIT APPLICATION AND DEFENDANTS' MOTION TO DISSOLVE

12. The plaintiff's application and declaration fail to meet the requirements of Tex. Civ. Prac. & Rem. Code Ann. §63.001(2)(A) with respect to Dungan and Tex. Civ. Prac. & Rem. Code Ann. §63.001(2)(B) with respect to both defendants. The Defendants have also provided

admissible evidence of assets in Texas sufficient to satisfy the alleged debt. The plaintiff has failed to provide any evidence or even allege that Defendants do not have an account with sufficient funds.

13. §63.001(2)(A) requires the plaintiff to declare that it sues for a debt, and that "the debt is just, due and unpaid."

14. §63.001(2)(B) requires the plaintiff to declare that "within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt."

15. Rule 658 of the Texas Rules of Civil Procedure provides the application process for a writ of garnishment. It requires that the application be supported by an affidavit and "the specific facts relied upon by the plaintiff to warrant the required findings by the court."

16. It also requires that the plaintiff shall "set forth such facts as would be admissible in evidence, provided that the facts may be stated based upon information and belief if the grounds of such belief are specifically stated."

17. With respect to both defendants, Plaintiff's declaration fails to provide the information required by §63.001(2)(B) in the manner required by Rule 658. There are no specific facts given by the plaintiff about the financial condition of either Tight Ends or Mr. Dungan or whether they had sufficient funds to pay the alleged debt. There is no explanation of why a guarantor's corporate status in 2018 is relevant to the financial condition of Tight Ends or Mr. Dungan in 2022. Likewise, there is no explanation of why the corporate status of an unnamed "affiliate" of Tight Ends is relevant or how that statement would be admissible.

18. Finally, the declaration's statement "based on research performed, I do not think Tenant or Dungan possess any assets in Texas sufficient to satisfy a judgment against them for

rent and other obligations owed" is conclusory and provides no specifically stated grounds to substantiate this assertion. The statement does not meet § 63.001(2)(B)'s requirement that the declarant affirmatively represent that <u>within the declarant's knowledge</u>, the defendant <u>does not</u> have sufficient assets to satisfy the potential judgment. The plaintiff limits his declaration to only the extent of "research performed" and that he "[does] not think" Tight Ends or Dungan possess any assets in Texas sufficient to satisfy a judgment. This fails to meet the burden of §63.001(2)(B).

19. It also fails to meet the burden provided by *Commonwealth of Mass. v. Davis*, 160 S.W.2d 543 (Tex. App 1942) (requiring that a prospective garnishment plaintiff conduct a reasonable investigation into the assets of the garnishee). There is no assertion in the declaration of any efforts made by the plaintiff to ascertain the financial condition of either Tight Ends or Dungan.

20. But most importantly, Tight Ends and Dungan do possess assets in Texas subject to execution sufficient to satisfy the debt the plaintiff alleges it is owed, as stated in the Dungan declaration and the business record submitted as evidence. Defendants have more than the amount alleged due in the garnishment and in the garnishment order in an account at Prosperity Bank in Texas.

21. With respect to Dungan, Plaintiff's declaration also fails to provide the information required by § 63.001(2)(A) in the manner required by Rule 658. The plaintiff's application and declaration fail to even allege that it has sued or has a claim against Dungan for a debt, or that the debt is "just, due and unpaid," much less provide such facts as would be admissible in evidence to substantiate the existence of such as a debt. To contrary, there is no contractual relationship between the plaintiff and Dungan. With respect to the debt claim against

Tight Ends, Tight Ends would show as provided in Dungan's declaration that the debt for past-due rent is disputed based upon fraudulent or negligent inducement by the plaintiff.

## STANDARD OF REVIEW

22. "The court's determination may be made upon the basis of sworn statements, if not challenged, setting forth such facts as would be admissible in evidence; otherwise, the parties must submit evidence." Tex R. Civ. P. 664a.

23. "The writ must be dissolved unless, at such hearing, the plaintiff proves the statutory grounds relied upon for the writ's issuance." *Id.*

## ANALYSIS

23. The declaration supporting Plaintiff's application for a writ of garnishment does not set forth any facts as would be admissible in evidence concerning Defendants' financial condition including nothing about how much cash on hand Defendants had or where the assets were located.

24. On the contrary, the declaration supporting the Defendants' motion to dissolve the writ sets forth facts (as would be admissible in evidence) that negate the requirements of Tex. Civ. Prac. & Rem. Code §63.001(2)(A) with respect to Dungan and §63.001(2)(B) with respect to both defendants.

25. The Court should grant Defendants' motion based upon the unchallenged declaration by Defendants about the amount of cash they had on hand and the lack of any assertions of fact about how much cash Defendants had by the plaintiff.

26. Even if this were not the case and the Court reviewed the relevant evidence submitted, the Dungan declaration and the accompanying business record evidence an amount on deposit with Prosperity Bank in Texas in the Defendants' accounts sufficient to negate the

requirements of Tex. Civ. Prac. & Rem. Code §63.001(2)(B).

27, The Court should also grant Dungan's motion to dissolve the writ based upon the lack of any assertions of fact by plaintiff concerning whether Dungan owes it a debt that is just, due, and unpaid and lack of any evidence thereof.

Respectfully submitted,

**John Henry & Associates, PLLC**

/s/ John P. Henry
John P. Henry
State Bar No. 24055655
407 West Liberty Street
Round Rock, Texas 78664
(512) 981-7301
jhenry@jhenrylaw.com
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Civil Procedure on the parties listed below on this 28th day of July, 2022.

                  /s/ John P. Henry
                  John P. Henry

Preston Kamin
Gray Reed
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
**ATTORNEYS FOR PLAINTIFF**
**VIA EMAIL pkamin@grayreed.com**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 66774616
Status as of 7/28/2022 3:45 PM CST
Associated Case Party: Salt & Pepper Restaurants, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Preston TKamin | | pkamin@grayreed.com | 7/28/2022 3:36:53 PM | SENT |
| Tyler J.McGuire | | tmcguire@grayreed.com | 7/28/2022 3:36:53 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 66774616
Status as of 7/28/2022 3:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jackie Kish | | jkish@grayreed.com | 7/28/2022 3:36:53 PM | SENT |