Filed: 7/28/2022 3:49 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 66775504
By: Shailja Dixit
7/28/2022 3:54 PM

CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| **SALT & PEPPER RESTAURANTS, INC.** § | | **IN THE DISTRICT COURT** |
| § | | |
| *Plaintiff/Garnishor,* § | | |
| § | | |
| vs. § | | **EXHIBIT GC046** |
| § | | |
| **TIGHT ENDS SPORTS BAR & GRILL, LLC** § | | |
| and **TIMOTHY DUNGAN** § | | |
| § | | |
| *Defendants,* § | | **GALVESTON COUNTY, TEXAS** |
| § | | |
| vs. § | | |
| § | | |
| **BANKSOUTH** § | | |
| § | | |
| *Garnishee.* § | | **56th JUDICIAL DISTRICT** |

### PLAINTIFF'S OBJECTIONS TO THE EVIDENCE SUBMITED BY DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISSOLVE

Plaintiff Salt & Pepper Restaurants, Inc. ("Salt & Pepper") files these Objections to the evidence proffered by Defendants Tight Ends Sports Bar & Grill, LLC and Timothy Dungan ("Defendants") in support of their Motion to Dissolve the Court's Writ of Garnishment (the "Motion") and moves the Court to strike that evidence for the reasons set forth herein.

**BACKGROUND**

1. On July 25, 2022, Petitioners filed the Motion, seeking to vacate the Court's May 19, 2022 writ of garnishment. Contemporaneously with these Objections, Salt & Pepper filed a Response to the Motion, detailing the numerous deficiencies in the Motion and explaining why the Court should deny the Motion.[1] The only evidence Defendants attach to their Motion is the Declaration of Timothy Dungan. *See* Motion, Ex. 1.

---

[1] Salt & Pepper incorporates its Response by reference as if fully set forth herein.

4889-9654-5324.1

2. The Dungan Declaration is deficient in numerous ways such that it cannot be considered competent evidence to support the Motion under the express provisions of TRCP 664a[2].

**OBJECTIONS TO PETITIONERS' EVIDENCE**

3. Salt & Pepper objects to the Dungan Declaration pursuant to Rule 1002 of the Texas Rules of Evidence, also known as the Best Evidence Rule. TEX. R. EVID. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or other law provides otherwise."). Mr. Dungan purports to testify about the contents of two different bank accounts, but does not attach or provide any of the bank statements to prove the same. *See* Motion, Ex. 1 ¶ 7. Moreover, Mr. Dungan states that he personally has cash, cash equivalents, stocks, and accounts receivables in an amount greater than the alleged debt amount. Again, Mr. Dungan failed to produce any evidence of the contents of these alleged assets. These statements are inadmissible under Rule 1002 and fail to meet the requirements of Rule 664a.

4. Salt & Pepper objects to Paragraph 5 as improper legal conclusions. *See, e.g.*, *Broussard v. Omni Hotels Corp.*, No. 13-18-00277-CV, 2019 WL 4309574, at *2 (Tex. App.—Corpus Christi Sept. 12, 2019, no pet.) ("Generally, lay witnesses may not give legal conclusions or interpret the law to the jury and they must limit their testimony to facts of which they possess personal knowledge."); *Borden v. Kent*, No. 14-00-00827-CV, 2001 WL 1013572, at *4 (Tex. App.—Houston [14th Dist.] Sept. 6, 2001, no pet.) (holding portion of affidavit that "merely recites a legal conclusion" is not competent evidence). Mr. Dungan's testimony regarding the legal effects of the lease is improper.

5. Salt & Pepper respectfully requests the Court sustain these objections and decline to consider the Dungan's Declaration as competent evidence.

---

[2] Rule 664a states in part the Court's determination may be made upon the basis of affidavits, if uncontroverted, setting forth such facts as would be admissible in evidence…" .

**MOTION TO STRIKE**

6. In addition to and on the same grounds as the Objections recited above, Salt & Pepper moves to strike the objectionable portions of the Dungan's Declaration. *See* TEX. R. EVID. 103 (stating that a timely motion to strike evidence preserves error caused by its improper admission).

7. Further, because the remaining portions of the Dungan's Declaration are insufficient to support the Motion, the Court should deny the Motion for this reason alone.

**CONCLUSION**

Plaintiff Salt & Pepper Restaurants, Inc. respectfully requests that the Court sustain its objections and strike the objectionable portions of Defendants' purported evidence as described herein. Salt & Pepper also requests any such other and further relief to which it may be entitled.

Respectfully submitted,

GRAY REED

By: */s/ Preston T. Kamin*
Preston T. Kamin
Texas Bar No. 24062817
pkamin@grayreed.com
Justin R. Cowan
Texas Bar No. 24120776
jcowan@grayreed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100 (Fax)

**ATTORNEYS FOR PLAINTIFF SALT & PEPPER RESTAURANTS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly furnished to the following counsel of record electronically through the electronic filing manager (www.efiletexas.gov) on this 28th day of July, 2022 as follows:

/s/ *Preston T. Kamin*
Preston T. Kamin

4889-9654-5324.1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jackie Kish on behalf of Preston Kamin
Bar No. 24062817
jkish@grayreed.com
Envelope ID: 66775504
Status as of 7/28/2022 3:55 PM CST
Associated Case Party: Salt & Pepper Restaurants, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Preston TKamin | | pkamin@grayreed.com | 7/28/2022 3:49:09 PM | SENT |
| Tyler J.McGuire | | tmcguire@grayreed.com | 7/28/2022 3:49:09 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jackie Kish on behalf of Preston Kamin
Bar No. 24062817
jkish@grayreed.com
Envelope ID: 66775504
Status as of 7/28/2022 3:55 PM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jackie Kish | | jkish@grayreed.com | 7/28/2022 3:49:09 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jackie Kish on behalf of Preston Kamin
Bar No. 24062817
jkish@grayreed.com
Envelope ID: 66775504
Status as of 7/28/2022 3:55 PM CST

Associated Case Party: Tight Ends Sports Bar & Grill, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Henry | | jhenry@jhenrylaw.com | 7/28/2022 3:49:09 PM | SENT |