Filed: 7/28/2022 9:14 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 66784679
By: Sandra Orizaga
7/29/2022 8:44 AM

**EXHIBIT GC050**

## CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| **SALT & PEPPER RESTAURANTS, INC.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **TIGHT ENDS SPORTS BAR & GRILL, LLC** | § | |
| **and TIMOTHY DUNGAN,** | § | |
| **Defendants** | § | **56th JUDICIAL DISTRICT** |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S OFFERED EVIDENCE

Defendants Timothy Dungan and Tight Ends Sports Bar & Grill, LLC file these objections to the evidence offered by Plaintiff in its response to the motion to dissolve the writ.

### Exhibit A - Declaration of Mohammed Amin Lakhani

Defendants challenge the Declaration of Mohammed Amin Lakhani with respect to the following paragraphs.

Paragraph 6:   Defendants challenge the assertion that "the amount owed is undisputed despite Mr. Dungan's recent declaration and frivolous counterclaim". The statement is untrue and also not supported by any admissible evidence.

Paragraph 7:   Defendants challenge all of the allegations in this paragraph concerning "Day Star Restaurant Holdings, LLC" on the basis of relevancy. This entity is not a party and has no relevance to whether Defendants have sufficient assets in Texas to pay the alleged debt. Plaintiff has not provided any foundation to make these allegations relevant.

Paragraph 8:   Defendants challenge all of the allegations in this paragraph concerning "Tight Ends Plano, LLC" on the basis of relevancy. This entity is not a party and has no relevance to whether Defendants have sufficient assets in Texas to pay the alleged debt or with respect to Dungan's individual liability. Plaintiff has not provided any foundation to make these allegations relevant. Defendants also challenge the relevancy of the allegation that the declarant

is "not aware of any other exempt assets [Dungan] owns other than membership interests in the defunct entities above and in my original declaration." This statement fails to meet the requirements of Tex. Civ. Prac.& Rem. Code §63.001 that within the plaintiff's knowledge, the defendant does not have <u>non-exempt</u> property in Texas sufficient to satisfy the judgment, or that <u>within his knowledge</u>, the declarant <u>does not</u> have sufficient non-exempt property in Texas sufficient to satisfy the alleged debt.

<u>Paragraph 9</u>:   Defendants challenge all of the allegations in this paragraph. This statement fails to meet the requirements of Tex. Civ. Prac.& Rem. Code §63.001 that within the plaintiff's knowledge, the defendant does not have property in Texas sufficient to satisfy the alleged debt. The statement provides no facts about whether Defendants have property in Texas sufficient to satisfy the judgment or Dungan's individual liability.

<u>Paragraph 10</u>:  Defendants challenge all of the allegations in this paragraph. This statement is not relevant to whether Defendants have property in Texas sufficient to satisfy the alleged debt. None of the statements made provides facts about Defendants' assets in the State of Texas or whether Dungan has individual liability. The declarant does not provide an explanation for the position that UCC filings are somehow liabilities, that there are balances due to any of these UCC-1 claimants, that any of that matters to whether Defendants have assets in Texas, or admissible evidence to support any of this.

<u>Paragraph 11</u>:  Defendants challenge all of the allegations in this paragraph. This statement is not relevant to whether Defendants have property in Texas sufficient to satisfy the alleged debt. None of the statements made contains facts about Defendants' assets in the State of Texas or Mr. Dungan's individual liability. The statements made in this paragraph are also incorrect. There are no judgments against either Dungan or Tight Ends in either one of the cases cited, and Defendants challenge the allegation in this paragraph that Dungan "himself has several

tax liens against him individually." Dungan has never been served with notice of any tax lien or suit to foreclose a tax lien by the State of Kansas and has not participated in any proceedings in Kansas or elsewhere concerning such. The documents attached as Exhibit A-6 are also inadmissible because of relevance and hearsay without applicable exception, see p. 4.

Paragraph 13: Defendants challenge all of the allegations in this paragraph, none of which is supported by admissible evidence.

**Exhibit A-3**: "Forfeiture Documents for Day Star Restaurant Holdings, LLC"

Defendants object to this exhibit on the basis of relevance. The document is related to an entity not in this lawsuit – "Day Star Restaurant Holdings, LLC" and there is no foundation provided of the relevancy of the document. The entity and its characteristics have no relevance to whether Defendants have assets in the State of Texas or Mr. Dungan's individual liability.

**Exhibit A-4**: "Revocation Documents for Tight Ends";

Defendants object to this exhibit on the basis of relevance. The "Tight Ends" entity in this lawsuit is Tight Ends Sports Bar & Grill, LLC. The document is related to an entity not in this lawsuit – "Tight Ends Sports Bar & Grill of Plano, LLC" and there is no explanation of the relevancy of the document. The entity was never operational and was terminated voluntarily by the taxpayer. A voluntarily terminated entity and its characteristics have no relevance to whether Defendants have assets in the State of Texas or Mr. Dungan's individual liability.

**Exhibit A-5**: "UCC Filings involving Tight Ends"

Defendants object to this exhibit on the basis of relevance. There is no explanation given by Plaintiff about why these documents are relevant to whether (a) Dungan, individually, owes a debt to the Plaintiff or (b) whether within the Plaintiff's knowledge… Defendants had assets in Texas sufficient to pay the alleged debt.

**Exhibit A-6**: Dungan Tax Liens

Defendants object to this exhibit on the basis of relevance and hearsay. The documents have no relevance to whether Defendants have assets in the State of Texas or Mr. Dungan's alleged individual liability.

This exhibit is also hearsay and not subject to the business record affidavit exception. Plaintiff's declaration is attached to its response to Defendants' motion to dissolve the writ. On its final page in the second Paragraph 12, it provides the information needed for the admissibility of a business record affidavit/declaration concerning "the Tenant's delinquent account, attached hereto" but fails to provide the necessary information to allow the documents attached as Exhibit A-6 to be admissible into evidence. The documents are not referenced by the second Paragraph 12 and are therefore not admissible. The documents also fail to meet the requirements for admissibility of documents created by or with information from a third-party as provided in *Simien v. Unifund CCR Partners,* 321 S.W.3d 235 (Tex. App.—Houston 1st Dist, 2010).

Respectfully submitted,

**John Henry & Associates, PLLC**

/s/ John P. Henry
John P. Henry
State Bar No. 24055655
407 West Liberty Street
Round Rock, Texas 78664
(512) 981-7301
jhenry@jhenrylaw.com
**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Civil Procedure on the parties listed below on this 28th day of July, 2022.

/s/ John P. Henry
John P. Henry

Preston Kamin
Gray Reed
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
**ATTORNEYS FOR PLAINTIFF**
**VIA ELECTRONIC SERVICE and**
**EMAIL pkamin@grayreed.com**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 66784679
Status as of 7/29/2022 8:45 AM CST

Associated Case Party: Salt & Pepper Restaurants, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Preston TKamin | | pkamin@grayreed.com | 7/28/2022 9:14:19 PM | SENT |
| Tyler J.McGuire | | tmcguire@grayreed.com | 7/28/2022 9:14:19 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 66784679
Status as of 7/29/2022 8:45 AM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jackie Kish | | jkish@grayreed.com | 7/28/2022 9:14:19 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 66784679
Status as of 7/29/2022 8:45 AM CST

Associated Case Party: Tight Ends Sports Bar & Grill, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Henry | | jhenry@jhenrylaw.com | 7/28/2022 9:14:19 PM | SENT |