Filed: 1/24/2023 3:53 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 72101099
By: Shailja Dixit
1/24/2023 3:59 PM

**EXHIBIT GC077**

## CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| **SALT & PEPPER RESTAURANTS, INC.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **TIGHT ENDS SPORTS BAR & GRILL, INC.** | § | |
| **and TIMOTHY DUNGAN,** | § | |
| **Defendants** | § | **56th JUDICIAL DISTRICT** |

## TIGHT ENDS' RESPONSE TO PLAINTIFF'S MOTION FOR TRADITIONAL SUMMARY JUDGMENT ON TIGHT ENDS' COUNTERCLAIMS

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Tight Ends Sports Bar & Grill files this Response to Plaintiff's *Motion for Traditional Summary Judgment* on the counterclaims filed by Tight Ends and in support thereof would respectfully represent and show unto the Court as follows:

## SUMMARY

As stated in Plaintiff's motion, this dispute arises from the lease for the real property at 2505 Gulf Freeway, League City, where Tight Ends previously operated a bar and restaurant. Plaintiff has also previously moved for summary judgment on its own claims. That motion cannot be granted for the reasons stated in Tight Ends' response. Plaintiff now moves for summary judgment on Tight Ends' claims based upon a provision in the parties' agreement concerning reliance, but Plaintiff incorrectly applies the standard set forth in *Schlumberger Technology Corp. v. Swanson* and its progeny as more fully explained by the 1st Circuit Court of Appeals in *Fazio v. Cypress/GR Houston I, L.P.*, 403 S.W.3d 390 (Tex. App. 2013). As described fully herein, (1) the disclaimer of reliance in this case only refers to "the Leased Premises' <u>condition</u>" and not other factors such as the changes that Plaintiff knew (but did not disclose) were to occur to the highway and offramp <u>near the premises</u>, and (2) Plaintiff has failed to provide any evidence concerning the

Supreme Court's *Forest Oil* factors necessary to determine whether, <u>under the circumstances</u>, a disclaimer of reliance is legally effective even if the disclaimer as written is otherwise valid. Because of this, and because Tight Ends has submitted evidence of each of these factors with its summary judgment response, the Court must deny Plaintiff's motion for summary judgment on Tight Ends' claims and defenses.

## **ARGUMENT AND AUTHORITY**

The exact issue before this Court was most recently (and thoroughly) analyzed by the Houston Court of Appeals in *Fazio v. Cypress/GR Houston I, L.P.,* 403 S.W.3d 390 (Tex. App. 2013). The opinion succinctly lays out a two-part analysis for determining whether reliance clauses are enforceable. The court stated:

> "The Schlumberger court held that "[t]he contract and the circumstances surrounding its formation determines whether the disclaimer of reliance is binding." Id. at 179. Thus, Schlumberger set up a <u>two-part test</u> for the validity of a disclaimer of reliance that looks, first, to the language of the contract and, second, to the circumstances surrounding the formation of the contract. The supreme court further held that "a release that clearly expresses the parties' intent to waive fraudulent inducement claims, or one that disclaims reliance on representations about specific matters in dispute, can preclude a claim of fraudulent inducement." Id. at 180. Under the circumstances of that case, the court held that the disclaimer of reliance by the Schlumberger plaintiffs conclusively negated as a matter of law the other party's representations about the feasibility and value of the project that were needed to support the plaintiffs' claim of fraudulent inducement. Id. at 180.
>
> Subsequently, in *Forest Oil Corp. v. McAllen*, the Texas Supreme Court clarified the factors for the court to consider in determining whether, under the circumstances, a disclaimer of reliance bars a fraudulent inducement claim:
>
> (1) the terms of the contract were negotiated, rather than boilerplate, and during negotiations the parties specifically discussed the issue which has become the topic of the subsequent dispute; (2) the complaining party was represented by counsel; (3) the parties dealt with each other in an arm's length transaction; (4) the parties were knowledgeable in business matters; and (5) the release language was clear.

<u>Application to the Salt & Pepper / Tight Ends disclaimer provision</u>

In our case, the disclaimer before the Court refers only to the <u>condition</u> of the leased premises and does not "clearly and unambiguously" disclaim reliance on Plaintiff's representations about <u>access</u> to the premises and changes to the access which Plaintiff knew were to occur but failed to disclose. Even if that were not the case, the only evidence before the Court concerning the *Forest Oil* factors shows that the circumstances surrounding the inclusion of the clause require that it be found unenforceable with respect to Tight Ends' claims and defenses.

**A. The "no reliance" clause refers only to the "Leased Premises' <u>condition</u>" and not ancillary matters such as pending changes to the highway and the frontage road.**

Salt & Pepper begins its analysis of disclaimers of reliance correctly by referencing the seminal Texas Supreme Court cases on the subject - *Schlumberger* and *Forest Oil* – but then incorrectly applies them and conveniently fails to mention a more recent case by the Houston Court of Appeals which is directly on point and dispositive of this issue – *Fazio v. Cypress/GR Houston I, L.P.,* 403 S.W.3d 390 (Tex. App. 2013).

As stated in *Schlumberger,* "a party to a contract may contractually waive reliance on disclosures through a disclaimer or merger clause." *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 178–79, 181 (Tex. 1997); however, Plaintiff fails to provide and apply the entire first part of the two-part test. As stated in *Fazio (*quoting *Forest Oil):* "the merger and disclaimer clauses must include "clear and unequivocal language expressly disclaiming reliance on representations, and representing reliance on one's own judgment."

The *Fazio* Court then goes on to find that the disclaimer of reliance and waiver in that case for "representations or warranties, express or implied, statements of fact, and other matters in the Documents" (which were defined in the agreement) "or in any other written or oral communication transmitted or made to" the buyer did <u>not</u> bar a claim for fraudulent inducement for other

information concerning the transaction. As stated by the *Fazio* court:

> "[W]hen words of a general nature are used in connection with the designation of particular
> objects or classes of persons or things, the meaning of the general words will be restricted
> to the particular designation." See *State v. Fid. & Deposit Co. of Md.,* 223 S.W.3d 309, 312
> (Tex. 2009) (per curiam); *Hilco Elec. Coop. v. Midlothian Butane Gas Co.*, 111 S.W.3d
> 75, 81 (Tex. 2003). Likewise, under the principle of *expressio unius est exclusio alterius,*
> or "the expression of one is the exclusion of the other," "it is a settled rule that the express
> mention or enumeration of one person, thing, consequence or class is equivalent to an
> express exclusion of all others." *Johnson v. Second Injury Fund*, 688 S.W.2d 107, 108–09
> (Tex. 1985) (quoting *State v. Mauritz-Wells Co.,* 175 S.W.2d 238, 241 (Tex. 1943)). We
> conclude that the disclaimer does not clearly and unequivocally express Fazio's intention
> to waive either Cypress's duty of disclosure under the terms of the LOI or Cypress's
> common law duty to disclose fully and truthfully, and not to actively and misleadingly
> conceal, material financial information about the Property in its possession which it knew
> Fazio did not know of and did not have an equal opportunity to discover. See Italian
> Cowboy, 341 S.W.3d at 339 ("[C]ommercial tenants are entitled to rely on the fact that a
> landlord will not actively conceal material information."); see also Bradford, 48 S.W.3d at
> 754–55; Prudential, 896 S.W.2d at 162 (holding that buyer is not bound by agreement to
> purchase something "as is" that he is induced to make by fraudulent representation or
> concealment of information by seller)."

<u>Application to the Salt & Pepper / Tight Ends disclaimer provision</u>

The application of the *Fazio* holding to the case before this Court on this motion for
summary judgment is clear. The disclaimer of reliance in our lawsuit states:

"Tenant acknowledges that it is not relying upon any representations, statements, or other assertions with respect to the **Leased Premises' condition**, but is relying solely upon its examination of the **Leased Premises**."

"Leased Premises" is specifically defined in the written agreement to be "all of the property and improvements and all restaurant equipment at 2502 Gulf Freeway, League City, Galveston County, Texas, 77573." No mention or reference is made to the other representations made by Plaintiff to Tight Ends – specifically the access and major roadway changes which give rise to Tight Ends' claims and defenses. Under the analysis required by *Fazio*, this renders the disclaimer inapplicable to such representations.

**B. Plaintiff has provided no evidence of the "surrounding circumstances" required by *Forest Oil* and *Fazio*, whereas Tight Ends has provided evidence of the "surrounding circumstances" which renders the disclaimer of reliance provision unenforceable.**

As the movant under a motion for traditional summary judgment, Plaintiff bears the burden of proof as a matter of law. Summary judgment is appropriate only where there is no genuine issue of material fact. As such, Plaintiff has the burden of proving the *Forest Oil* factors as a matter of law. Plaintiff has provided no evidence of any of these factors with its motion, and as a matter of law the motion must be denied even were Tight Ends to not provide evidence of such.

Notwithstanding, the Declaration of Timothy Dungan, attached hereto as Exhibit A, establishes that:

1. The terms of the contract were generally <u>not</u> negotiated, were largely boilerplate, and although Plaintiff made representations to Dungan and Tight Ends about the Leased Premises having excellent highway access similar to the Plano location, during the subsequent lease negotiations the parties never again discussed the highway access and frontage road issues which have become the topic of the subsequent dispute;

2. Tight Ends was <u>not</u> represented by counsel during the negotiations; rather, Dungan and Plaintiff's representative negotiated the agreement themselves and did so very quickly.

3. The parties did <u>not</u> deal with each other in an arm's length transaction. An intermediary –

Jack Harvard, who had a similar space in Dallas, arranged the transaction without the involvement of outside counsel or real estate professionals as would typically be involved in a transaction of this magnitude;

4. Dungan, although knowledgeable about the restaurant business, has no training or significant experience in negotiating commercial real estate leases; and

5. The release language, as discussed herein, does not clearly indicate that it applies to representations of all kinds, but rather states that it applies only with respect to what constituted the condition of the building and restaurant equipment itself.

For these reasons, Plaintiff's motion must be denied.

**C. Tight Ends' other claims for negligent misrepresentation, violations of the DTPA, and its defenses survive for the same reason.**

As with the above discussion of Plaintiff's motion with respect to Tight Ends' claim for fraudulent inducement, Plaintiff's motion for summary judgment on Tight Ends' other claims based upon the disclaimer of reliance language likewise fails.

<u>**PRAYER**</u>

Accordingly, Tight Ends prays that the Court deny Plaintiff's motion for summary judgment on Tight Ends' counterclaims and defenses, and for such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

**John Henry & Associates, PLLC**

<u>/s/ John P. Henry</u>
John P. Henry
State Bar No. 24055655
407 West Liberty Avenue
Round Rock, Texas 78664
(972) 338-3630
jhenry@jhenrylaw.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2023, a true and correct copy of the foregoing document was
served on all counsel of record pursuant to Texas Rules of Civil Procedure 21 & 21a.

/s/ John P. Henry

CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| SALT & PEPPER RESTAURANTS, INC., | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| v. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TIGHT ENDS SPORTS BAR & GRILL, LLC | § | |
| and TIMOTHY DUNGAN, | § | |
|     Defendants | § | 56th JUDICIAL DISTRICT |

## DECLARATION OF TIMOTHY DUNGAN

Pursuant to Section 132.001 of the Texas Civil Practice and Remedies Code, I, Timothy Dungan, declare as follows:

1.    My name is Timothy Dungan. I am over 18 years old, and I am fully competent to make this declaration. Each statement of fact contained herein is within my personal knowledge and is true and correct.

2.    I am the managing member of Tight Ends Sports Bar & Grill, LLC, a defendant in this case. This declaration is submitted in support of Tight Ends' response to Salt & Pepper's motion for traditional summary judgment.

3.    I was the point person for Tights Ends with respect to the contract for the "Leased Premises" as defined in the commercial lease agreement between the landlord and Tight Ends. The terms of the contract were generally not negotiated. The written contract that was presented to me was a boilerplate document and I made no changes to the document as it was presented to me. Other than the monthly rent amount, we did not negotiate any of the terms of the agreement. Prior to being presented with the lease, the landlord's representative made representations to me on behalf of Tight Ends about the Leased Premises having superior highway access similar to the Plano location. These discussions occurred when we were discussing the Leased Premises before a contract was ever presented or other terms were discussed, and I relied upon those

representations. There were not any actual negotiations about the terms of the written contract other than the length of the term and the monthly rental amount, and we never discussed the highway access and frontage road issues which have become the topic of this lawsuit between the time that the written lease was initially presented to me and when I signed and returned it.

4.      Tight Ends was not represented by counsel during the lease discussions. I and Plaintiff's representative Lakhani negotiated the agreement between ourselves and did so quickly over a period of a month or two.

5.      An intermediary – Jack Harvard, who had a similar space in Dallas, introduced me to Mr. Lakhani. The entire transaction was completed without the involvement of any lawyers on behalf of Tight Ends. I also did not have any real estate professionals working for me or reviewing the lease on behalf of Tight Ends.

6.      I am generally knowledgeable about the restaurant business, but I have no training or significant experience in negotiating commercial real estate leases or legal matters generally.

7.      I do not believe that the release language that states that Tight Ends is not relying upon any representations concerning the Leased Premises clearly indicates that it applies to reliance of all kinds, rather I believe that it concerns only the physical condition of the building and restaurant equipment that was in the building itself.

8.      My name is Timothy Dungan. My date of birth is May 8, 1968, and my address is 1603 Wildfire Lane, Frisco, TX 75033. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, Texas, on the 24th day of January 2023.

Timothy Dungan

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Henry on behalf of John Henry
Bar No. 24055655
jhenry@jhenrylaw.com
Envelope ID: 72101099
Status as of 1/24/2023 4:00 PM CST

Associated Case Party: Salt & Pepper Restaurants, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Preston TKamin | | pkamin@grayreed.com | 1/24/2023 3:53:20 PM | SENT |
| Tyler J.McGuire | | tmcguire@grayreed.com | 1/24/2023 3:53:20 PM | SENT |
| Justin R.Cowan | | jcowan@grayreed.com | 1/24/2023 3:53:20 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jackie Kish | | jkish@grayreed.com | 1/24/2023 3:53:20 PM | SENT |

Associated Case Party: Tight Ends Sports Bar & Grill, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Henry | | jhenry@jhenrylaw.com | 1/24/2023 3:53:20 PM | SENT |