Filed: 6/1/2023 4:27 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 76210222
By: Shailja Dixit
6/1/2023 4:41 PM

**EXHIBIT GC089**

CAUSE NO. 22-CV-0675

| | | |
|---|---|---|
| **SALT & PEPPER RESTAURANTS, INC.** | § | IN THE DISTRICT COURT |
| *Plaintiff/Garnishor,* | § | |
| vs. | § | |
| **TIGHT ENDS SPORTS BAR & GRILL, LLC** and **TIMOTHY DUNGAN** | § | |
| *Defendants,* | § | GALVESTON COUNTY, TEXAS |
| vs. | § | |
| **BANKSOUTH** | § | |
| *Garnishee.* | § | 56th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Salt & Pepper Restaurants, Inc. ("Salt & Pepper" or "Landlord") files this First Amended Petition against Tight Ends Sports Bar & Grill, LLC ("Tight Ends" or "Tenant") and Timothy Dungan ("Dungan") and respectfully states as follows:

### PARTIES

1. Plaintiff is corporation duly formed and existing under the laws of the State of Texas and having its principal place of business in Fort Bend County, Texas.

2. Defendant Tight Ends Sports Bar & Grill, LLC is a Texas limited liability company with its office in Frisco, Texas. Tenant has appeared through its counsel of record.

3. Defendant Timothy Dungan is an individual who has appeared through his counsel of record.

### JURISDICTION AND VENUE

4. This Court may exercise personal jurisdiction over all parties. The damages and relief sought are within the jurisdictional limits of this Court.

5. Pursuant to TEX. CIV. PRAC. & REM. CODE § 15.0115, venue is proper in Galveston County because this case involves a landlord-tenant dispute concerning real property in Galveston County.

6. At this time, Landlord seeks monetary relief between $300,000 and $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

**FACTUAL BACKGROUND**

7. On May 20, 2016, Salt & Pepper, as Landlord, and Tight Ends, as Tenant, entered into a lease agreement (the "Lease Agreement"). By the terms of the Lease, Landlord leased to Tenant for a period of fifteen (15) years commercial space commonly as known as 2502 Gulf Freeway, League City, Galveston County, Texas 77573.

8. Pursuant to the Lease Agreement, Day Star Restaurant Holdings, LLC (the "Guarantor") agreed to be jointly liable for all obligations imposed upon Tight Ends, including but not limited to, full payment of all amounts due and owing to Landlord.

9. As set forth in the Lease Agreement, Tenant agreed to pay Landlord monthly rent in the amount of $32,000 (the "Basic Rent"). After four years, the Basic Rent increased according to the CPI index. In addition, Tenant is responsible for paying monthly taxes, insurance, utilities and other operating costs.

10. Starting in April of 2020, Tenant failed to pay the Basic Rent, monthly taxes, and insurance. In addition, in violation of the Lease Agreement, Tenant failed to provide evidence of insurance, certified financials, and allowed its guarantor to be insolvent and cease to exist. Tenant's defaults continued throughout 2020, 2021, and 2022.

11. Starting in 2020 and continuing through 2022, Landlord sent Tenant multiple notices demanding payment of all outstanding rent due and owning under the Lease. In response to Landlord's demands, Tenant failed and refused to pay the amount outstanding. Instead, on April 9, 2022, Tenant abandoned the Premises. In doing so, Tenant stole several valuable items that are Landlord's property, including but not limited to its POS and KDS systems.

12. Despite adequate notice, Tenant's balance remains unpaid and Tenant is in default for past and future rent and other obligations under the lease.

13. As stated above, Tenant allowed the Guarantor to forfeit its right to do business in the State of Texas. Defendant Dungan is Guarantor's member, manager, and president. Guarantor applied for registration as a foreign limited liability company in December of 2013. Following its registration, Guarantor failed to pay franchise taxes owed to the State of Texas. Thus, on or about January 26, 2018, the Guarantor's right to transact business in the state of Texas was revoked. The Texas Secretary of State forfeited Guarantor's charter and registration with the State of Texas. Guarantor failed to revive its corporate privileges before forfeiture.

14. Consistent with the above, Tenant and Dungan allowed Guarantor to forfeit its corporate formalities before Tenant ultimately defaulted under the Lease. Further, Tenant and Dungan knew Guarantor was an insolvent and/or financially-troubled entity when the Lease was executed. Under Section 15.12 of the Lease, Guarantor was obligated to provide its financial statements to Landlord within seven (7) days of the Lease's execution, and further provide financial statements to Landlord from "time to time" as certified by Guarantor's financial or officer or in accordance with the guidelines of the American Institute of Certified Public Accountants.

15. Dungan never provided such financial statements for Guarantor, despite knowing this information was material to the Lease. On information and belief, Dungan only provided an insufficient, uncertified spreadsheet that did not contain actual financial statements for Guarantor.

16. At the time the Lease was executed, Dungan represented Guarantor owned and/or controlled a number of steakhouse restaurants, but knew and/or failed to disclose these businesses – along with Guarantor's overall financial health – were collapsing. In other words, Dungan signed the Lease on behalf of Guarantor even though he knew Guarantor could not actually guaranty Tenant's liabilities. Dungan misrepresented Guarantor as a solvent entity. Thus, Dungan misrepresented and/or concealed facts material to the guaranty in the Lease.

### CAUSE OF ACTION – BREACH OF CONTRACT

17. Landlord incorporates by reference, as if fully set forth herein, all allegations in the Factual Background of this First Amended Petition.

18. Landlord and Tenant are parties to a valid and enforceable agreement, namely the Lease. Landlord performed its obligations under the Lease.

19. Tenant breached the Lease by, among other things, failing to pay all amounts due and owing thereunder.

20. Tenant's breach of the Lease is the cause of actual damages to Landlord in excess of the minimum jurisdictional limits of this Court, for which Landlord now sues. Such damages will continue to accrue.

21. Additionally, the Guarantor forfeited its corporate privileges as early as January of 2018. When its charter was revoked, the Guarantor created and/or incurred a liability with the Lease. Specifically, the Guarantor is jointly liable for all obligations of the Tenant created under

the Lease, including but not limited to all rent due and owing. Accordingly, pursuant to Chapter 171 of the Texas Tax Code and other applicable law, Dungan is personally liable for all obligations incurred by the Tenant, including all rent owed under the Lease.

### FRAUD BY NON-DISCLOSURE

22. Landlord incorporates by references, as if fully set forth herein, all allegations in the Factual Background of this First Amended Petition.

23. Tenant and Dungan concealed or failed to disclose information related to the Lease, namely financial information regarding Guarantor, despite having a duty to disclose such information.

24. Guarantor's financial information was material to Landlord, given the Lease included a guaranty in the event of Tenant's default. Tenant and Dungan knew Landlord did not have access to Guarantor's financial information, and further knew Landlord could not "discover" Guarantor's financial information on its own accord.

25. Tenant and Dungan were deliberately silent on Guarantor's financial condition, despite having an obligation to provide Guarantor's financial information. Tenant and Dungan intended for Landlord to rely on their concealment of material facts, ultimately because they knew they could default under the Lease and leave any liabilities with the insolvent Guarantor.

26. Landlord relied on Tenant and Dungan's concealment, reasonably and justifiably believing Guarantor was solvent based on the information Dungan provided.

27. As a result of Tenant and Dungan's fraud, Landlord sustained injuries through the default under the Lease, and Guarantor's refusal to cover liabilities owed by Tenant and Dungan. Dungan signed the Lease on behalf of Guarantor with no intent that Guarantor actually perform in accordance with the Lease.

### ATTORNEY'S FEES

28. Pursuant to the Lease and TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq.*, Landlord hereby seeks and is entitled to recover its reasonable and necessary attorney's fees and costs.

### CONDITIONS PRECEDENT

29. All conditions precedent to Landlord's right to recover herein have been performed, have occurred, or have been waived.

### PRAYER

Landlord respectfully requests that Defendants be cited to appear and answer, and that upon final trial hereof, judgment be entered in favor of Landlord and against Defendants for:

a. all actual damages incurred and proved at trial;
b. reasonable and necessary attorneys' fees and expenses;
c. exemplary damages;
d. costs of court;
e. pre-judgment and post-judgment interest at the maximum amount allowed by law; and,
f. all other relief, at law or in equity, to which Tenant may be justly entitled.

Respectfully submitted,

GRAY REED

By: */s/ Preston T. Kamin*
Preston T. Kamin
Texas Bar No. 24062817
pkamin@grayreed.com
Tyler J. McGuire
Texas Bar No. 24098080
tmcguire@grayreed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100 (Fax)
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly furnished to the following counsel of record electronically through the electronic filing manager (www.efiletexas.gov) on this 1st day of June, 2023 as follows:

John P. Henry
jhenry@jhenrylaw.com
407 West Liberty Street
Round Rock, Texas 78664
(512) 981-7301
***Attorney for Defendants***

                                          */s/ Preston T. Kamin*
                                          Preston T. Kamin

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rae Cuddihy on behalf of Tyler McGuire
Bar No. 24098080
rcuddihy@grayreed.com
Envelope ID: 76210222
Filing Code Description: Amended Petition
Filing Description: Plaintiff's First Amended Petition
Status as of 6/1/2023 4:41 PM CST

Associated Case Party: Salt & Pepper Restaurants, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Preston T Kamin | | pkamin@grayreed.com | 6/1/2023 4:27:04 PM | SENT |
| Tyler J. McGuire | | tmcguire@grayreed.com | 6/1/2023 4:27:04 PM | SENT |
| Justin R. Cowan | | jcowan@grayreed.com | 6/1/2023 4:27:04 PM | SENT |

Associated Case Party: Tight Ends Sports Bar & Grill, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| John Henry | | jhenry@jhenrylaw.com | 6/1/2023 4:27:04 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jackie Kish | | jkish@grayreed.com | 6/1/2023 4:27:04 PM | SENT |